**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JoAnne Garvey; and Michele Carlson, | No. CV-09-973-PHX-DGC |
| Plaintiffs, | **ORDER** |
| vs. | |
| American Home Mortgage Servicing, Inc.; and LaSalle Bank National Association, | |
| Defendants. | |

In June 2006, Plaintiffs refinanced a loan on their home located in Phoenix, Arizona. LaSalle Bank National Association is the purported beneficiary on the deed of trust. American Home Mortgage Servicing is the alleged servicer of the loan. A trustee's sale of the home was scheduled for May 7, 2009.

That same day, Plaintiffs filed a complaint against Defendants asserting a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA" or the "Act"). Dkt. #1. The complaint alleges that Defendants violated section 2605(e) of the Act by failing to respond to Plaintiffs' qualified written request ("QWR") for information concerning the loan and deed of trust and by making derogatory remarks about Plaintiffs to credit reporting agencies after the QWR was sent. *Id.* The Court entered a preliminary injunction enjoining the trustee's sale until 45 days after Defendants responded to the QWR as required by RESPA. Dkt. #11.

Defendants have filed a motion to dismiss the complaint and dissolve the preliminary injunction. Dkt. #13. The motion has been fully briefed. Dkt. ##14, 15. For reasons that follow, the Court will grant the motion.

"The following damages are recoverable under RESPA for a section 2605 violation: '(A) any actual damages to the borrower as a result of the [violation]; and (B) any additional damages, as the court may allow, in the case of a pattern and practice of non-compliance with the requirements of this section, in an amount not to exceed $1,000.'" *McLean v. GMAC Mortgage Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009) (quoting 12 U.S.C. § 2605(f)(1)). Defendants argue that the complaint must be dismissed because Plaintiffs have failed to plead facts sufficient to support their claim for actual and statutory damages under section 2605. The Court agrees.

Shortly after the preliminary injunction was entered in this case, the Supreme Court decided *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. (2009). *Iqbal* clarified that the Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which required a heightened degree of fact pleading in an antitrust case, "expounded the pleading standard for 'all civil actions[.]'" 129 S. Ct. at 1953. *Iqbal* also made clear that a complaint satisfies Rule 8's pleading requirements only if it contains sufficient factual allegations. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50.

The complaint in this case alleges that Plaintiffs have been damaged by the violation of section 2605 and the "damages include actual economic pecuniary loss, time and inconvenience damages, [and] emotional distress damages[.]" Dkt. #1 ¶42. Plaintiffs support these general categories of damages with no factual allegations, claiming instead that damages are "subject to proof at trial." *Id.* Rule 8 demands more. For a complaint to satisfy Rule 8's pleading requirements, it must allege facts "*showing* that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2) (emphasis added). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). The Court concludes that the complaint fails to

plead facts showing that Plaintiffs have suffered actual damages as a result of the purported RESPA violations.

Plaintiffs' claim for statutory damages is similarly deficient. The claim is based on nothing more than the conclusory statement that Defendants have "engaged in a pattern and practice of non-compliance with its legal duties to respond to [Plaintiffs'] QWR." Dkt. #1 ¶ 48; *see id.* ¶ 40. Plaintiffs assert in their response that the alleged "pattern and practice" is based on Defendants' continual refusal to respond to Plaintiffs' QWR (Dkt. #14 at 6), but that conduct constitutes "only a single violation of the statute[.]" *In re Tomasevic*, 273 B.R. 682, 686 (Bankr. M.D. Fla. 2002); *see McLean*, 595 F. Supp. 2d at 1365 (failure to respond to two QWRs was "insufficient to support a pattern or practice of noncompliance as required by section 2605(f)"); *In re Maxwell*, 281 B.R. 101, 123 (Bankr. D. Mass. 2002) (same).

Plaintiffs contend that dismissal is not appropriate because the facts supporting their claim for damages "will be fleshed out in discovery[.]" Dkt. #14 at 6. Rule 8, however, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950. "To allow Plaintiff[s] to conduct discovery as requested would subvert the purpose of the pleading requirements." *Carpa v. Smith*, No. CIV 96-1453 PHX EHC, 1998 WL 723153, at *4 (D. Ariz. July 20, 1998).

In summary, the Court concludes that the complaint fails to allege facts sufficient to state a claim for damages under section 2605 of RESPA. The Court will therefore grant Defendants' motion to dismiss. Defendants contend that the dismissal should be with prejudice because Plaintiffs have not sought leave to amend the complaint. Dkt. #15 at 11. Because a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a), *see Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986), Plaintiffs may file an amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(A). The Court will dismiss the instant complaint without prejudice because Plaintiffs can possibly cure its deficiencies. *See Schreiber*, 806 F.2d at 1401.

The preliminary injunction was entered on the ground that Plaintiffs were likely to prevail on the RESPA claim. Because that claim will be dismissed, the Court will grant

Defendants' request to dissolve the preliminary injunction. *See Brockington v. J.P. Morgan Chase Bank, N.A.*, No. C-08-05795 RMW, 2009 WL 1916690, at *6 (N.D. Cal. July 1, 2009) ("Injunctive relief is a remedy, not a separate cause of action.").

**IT IS ORDERED:**

1. Defendants' motion to dismiss complaint and to dissolve restraining order (Dkt. #13) is **granted**.
2. The complaint (Dkt. #1) is **dismissed** without prejudice.
3. The preliminary injunction order (Dkt. #11) is **vacated**.
4. Plaintiffs shall have until **September 18, 2009** to file an amended complaint.

DATED this 31st day of August, 2009.

_____
David G. Campbell
United States District Judge